```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF LOUISIANA
```

**THOMAS PHILLIPS (#94730)**                                    CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                   NO. 09-0999-JJB-CN

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, September 22, 2010.

                                           **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THOMAS PHILLIPS (#94730)**                                              **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                              **NO. 09-0999-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on referral by the District Judge of the plaintiff's Motion to Present Evidence, rec.doc.no. 17, and Supplement thereto, rec.doc.no. 20, which the Court interprets as a Motion for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. In this motion, the plaintiff complains that he did not receive the Report and Recommendation of the undersigned Magistrate Judge until six days after it was issued, and he appears to complain that this delayed receipt resulted in prejudice and in a failure of the Court to properly consider his subsequently-filed objections thereto. On February 3, 2010, the undersigned Magistrate Judge issued a Report and Recommendation, rec.doc.no. 10, recommending dismissal of the above-captioned proceeding as a result of the plaintiff's admitted failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. The plaintiff was advised, pursuant to 28 U.S.C. § 636(b)(1), that he had fourteen (14) days within which to file an Objection to the Magistrate Judge's Recommendation. Pursuant to Fed.R.Civ.P. Rule 6(a)(1), the calculation of this 14-day period includes intermediate Saturdays, Sundays and legal holidays. Although the plaintiff has provided documentation reflecting that he did not receive the referenced Report and Recommendation until February 9, 2010, six days after it was issued, the Court concludes that he still had ample time remaining within which

to submit his Objection thereto.  It appears that he was in fact able to timely prepare his Objection to the Magistrate Judge's Report inasmuch as his Objection is dated and signed by him three days later on February 12, 2010.  <u>See</u> rec.doc.no. 15.  The plaintiff provides no explanation as to why he did not mail his Objection at that time, when it would have been timely, and it does not appear that he in fact mailed same until on or about February 22, 2010, after the 14-day period had elapsed.  <u>See</u> rec.doc.no. 16, wherein the plaintiff explicitly acknowledges that his Objection was mailed on February 22, 2010.  Accordingly, there is no perceived basis for the plaintiff's failure to timely submit his Objection to the Court.

Further, and in any event, it does not appear that the plaintiff is able to show any prejudice resulting from the delay in his receipt of the Magistrate Judge's Report and Recommendation or resulting from the untimeliness of his Objection thereto.  A review of the plaintiff's Objection reflects that the arguments contained therein do not alter this Court's original conclusion that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies.  Although the plaintiff asserts that prison officials have delayed too long in handling his many administrative grievances (more than 100 in number), and have thereby rendered them "unavailable" for purposes of the exhaustion requirement of 42 U.S.C. § 1997e, he fails to address the fact that he could have had any grievances which were pertinent to this lawsuit addressed more quickly by requesting that other previously-filed grievances be dismissed.  The Louisiana Administrative Remedy Procedure makes clear that when an inmate has filed multiple administrative grievances, the later-filed grievances are "logged and set aside" until

such time as previously-filed grievances are exhausted. By the voluntary dismissal of previously-filed grievances which were irrelevant to this proceeding, the plaintiff could then have had his pertinent grievances moved to the front of the line for timely consideration by prison officials. In addition, the plaintiff fails to address the established procedure which would have allowed him to more quickly exhaust administrative remedies by unilaterally proceeding from one step of the administrative process to subsequent step(s) upon the failure of prison officials to provide timely responses. Finally, although the plaintiff asserts that he should not be required to exhaust administrative remedies in this case because his only demand is for monetary compensation, and because claims for only monetary damages are not subject to the exhaustion requirement, this is not a correct statement of the law. See Wright v. Hollingsworth, 260 F.3d 357 (5th Cir. 2001). To the contrary, as noted in Wright, the United States Supreme Court has held that Congress intended for a prisoner to invoke "such administrative remedies as are available" in the prison, without regard to whether the inmates claims is for monetary damages and without regard to whether the prison's grievance procedure affords such relief. Citing Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Accordingly, the plaintiff was required to exhaust administrative remedies in this case, and he has clearly and admittedly failed to do so.

## RECOMMENDATION

It is recommended hat the plaintiff's motion for new trial,

4

rec.doc.no. 17, be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, September 22, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**